UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PAUL SHKILNYJ, PH.D., MBA,

                              Plaintiff,

                                                                                         Case # 15-CV-905-FPG

v.

                                                                                          DECISION AND ORDER

ERIE COMMUNITY COLLEGE, et al.,

                              Defendants.

## INTRODUCTION

On October 19, 2015, Plaintiff Paul Shkilnyj, Ph.D., M.B.A., filed a Complaint against Defendants[1] alleging two federal law claims under 42 U.S.C. § 1983 and three state law claims, including two claims for breach of contract and one for negligence, because he applied for a full-time instructor position at Erie Community College ("ECC") and was neither interviewed nor hired. ECF No. 1. Defendants then moved to dismiss the Complaint on December 18, 2015. ECF Nos. 16-17.

In response, Shkilnyj filed an amended complaint on January 4, 2016. ECF No. 21. It contains seven claims: (1) a breach of contract claim against ECC; (2) a lack of good faith and fair dealing claim against ECC; (3) a Section 1983 claim against all Defendants except Sako; (4) a claim for conspiracy to violate Section 1983 against all Defendants except Sako; (5) a breach of contract claim against Sako as President of the Faculty Federation of Erie Community College ("FFECC"); (6) a negligence claim against Sako; and (7) a tortious interference claim against Weinstein, Silsby, and Cattieu. ECF No. 21.

---

[1] Erie Community College, Andrew Sako, Murray B. Weinstein, Mary Anne Silsby, and Mary Anne Cattieu.

Defendants then moved to dismiss the Amended Complaint on January 29, 2016. ECF Nos. 26, 29. Shkilnyj moved to amend the Amended Complaint on October 16 and November 4, 2016. ECF Nos. 41, 46. The Motions to Dismiss and Amend are currently before the Court. For the reasons stated, Defendants' Motions to Dismiss the Amended Complaint are GRANTED, and Shkilnyj's Motions to Amend are DENIED.

**BACKGROUND**

On October 1, 2014, Shkilnyj applied for a full-time instructor position in the Biology Department (the "position"). ECF No. 21 ¶ 16. At the time of his application, he was a part-time biology instructor at ECC's Orchard Park campus. *See id.* ¶ 13.

On November 12, 2014, Shkilnyj received notice that he was not chosen for the position. ECF No. 21 ¶ 17. He was not interviewed for the position. *See id.* ¶ 36.

The FFECC, ECC, and the County of Erie all signed the Collective Bargaining Agreement ("CBA"), which contains rules governing the hiring process for professors and instructors. *Id.* ¶¶ 71-72. The FFECC is a professional union for full- and part-time faculty at ECC. *Id.* ¶ 6.

According to Shkilnyj, three Articles of the CBA granted him a liberty and property interest in an interview and evaluation of his credentials for the position. *Id.* ¶ 145. First, Article 19, Paragraph 3, Subsection (a), states that "[a]ll units will follow the appointments procedure as established by the College." ECF No. 18-2 at 7. Article 28 of the CBA delineate "ranks" of professors based on their education and experience. ECF No. 18-3 at 2. They are, in ascending order, Instructor, Assistant Professor, Associate Professor, and Full Professor. *Id.* Finally, Article 31 states that "[t]he FFECC shall be informed through the inter-campus mail system of all vacancies at the College at least twenty (20) days prior to filling the position to permit qualified Faculty the opportunity to apply." ECF No. 18-3 at 7.

**DISCUSSION**

I.     **Motion to Dismiss Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When deciding a Rule 12(b)(6) motion, a court ordinarily may not rely on matters outside the complaint unless it treats the motion as one for summary judgment under Rule 56 and gives the parties a reasonable opportunity to present relevant evidence. Fed. R. Civ. P. 12(d). However, "the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation marks and citations omitted). With respect to documents that are deemed "integral" to the complaint, "it must

3

be clear on the record that no dispute exists regarding the authenticity or accuracy of the document" and that "there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). Furthermore, "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." *Chambers*, 282 F.3d at 153 (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991)).

Here, Plaintiff refers to the CBA in his Amended Complaint many times and, under the principles discussed above, the Court may properly consider it in deciding Defendants' Motions to Dismiss. ECF No. 21 at ¶¶ 20-21, 35, 51, 62, 85, 89, 94-95, 98, 102, 120, 126, 132, 135, 139, 145-47, 149, 154, 159-160, 162, 165, 178-79, 185, 194-95, 198-99,[2] 206, 218. Additionally, and perhaps more importantly, Plaintiff cannot be surprised by the contents of the CBA because he attached portions of it to his Amended Complaint. ECF No. 21-3 at 2-3, 5-6; *see Oblio v. City Univ. of City of New York*, No. CV-01-5118 (DGT), 2003 WL 1809471, at *4 (E.D.N.Y. Apr. 7, 2003) ("Indeed, the Second Circuit has indicated that notice to the pleader is the critical element in determining whether extrinsic documents may properly be considered on a motion to dismiss.") (citing *Cortec*, 949 F.2d at 48). Accordingly, the Court will review the CBA in conjunction with its review of Defendants' Motion to Dismiss.

**II.     Shkilnyj Fails to Plausibly Allege his Third Claim Against Defendants for a Violation of 42 U.S.C. § 1983.**

To state a claim under Section 1983, a plaintiff must allege two elements: (1) "the violation of a right secured by the Constitution and laws of the United States," and (2) "the alleged

---

[2] The paragraph after paragraph 198 is labeled "179." ECF No. 21 at 61. The Court assumes Shkilnyj intended to label that paragraph 199.

deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87-88 (2d Cir. 2015) (quoting *Feingold v. New York*, 366 F.3d 138, 159 (2d Cir. 2004)).

"The Due Process Clause of the Fourteenth Amendment requires that, generally, a person must be afforded the opportunity for a hearing prior to being deprived of a constitutionally protected liberty or property interest." *Patterson v. City of Utica*, 370 F.3d 322, 329 (2d Cir. 2004) (citing *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 569–70 & n.7 (1972)).

To succeed on a procedural due process claim under Section 1983, "a plaintiff must establish: (1) a constitutionally protected interest; (2) that the State deprived him of this interest; and (3) that the deprivation was effected without due process of law." *Leon v. Rockland Psychiatric Ctr.*, 232 F. Supp. 3d 420, 434 (S.D.N.Y. 2017); *see also Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) ("The two threshold questions in any § 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution and, if so, what process was due before the plaintiff could be deprived of that interest.").

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it." *Roth*, 408 U.S. at 577. Instead, a plaintiff "must ... have a legitimate claim of entitlement to it." *Id.* Generally, "there is no constitutionally protected property interest in prospective government employment." *Leon*, 232 F. Supp. 3d at 434 (quoting *Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002)); *see also Almontaser v. N.Y.C. Dep't of Educ.*, No. 07-CV-10444, 2009 WL 2762699, at *4 (S.D.N.Y. Sept. 1, 2009) ("[A] job applicant . . . has no property interest in the position for which she applies."). Moreover, a job applicant "has no legally protected interest in an interview." *Donovan v. Inc. Vill.*

*of Malverne*, 547 F. Supp. 2d 210, 220 (E.D.N.Y. 2008) (citing *Morris v. Lindau*, 196 F.3d 102, 115-16 (2d Cir. 1999), *abrogated on other grounds by Lore v. City of Syracuse*, 670 F.3d 127 (2d Cir. 2012)).

Even if a plaintiff cannot show that he was deprived of a property interest, he may be able to show he was deprived of a liberty interest. "Liberty, as enshrined in the Fourteenth Amendment, is a broad notion, and one of the freedoms it encompasses is the freedom to engage in any of the common occupations of life." *Leon*, 232 F. Supp. 3d at 434 (quoting *Donato v. Plainview–Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 630 (2d Cir. 1996)) (internal quotation marks and citation omitted). It does not encompass, however, the "the right to a particular job." *Cityspec*, 617 F. Supp. 2d at 169; *see also Roth*, 408 U.S. at 575 ("It stretches the concept too far to suggest that a person is deprived of 'liberty' when he simply is not rehired in one job but remains as free as before to seek another.").

In *Leon*, the plaintiff interviewed for a job with the Rockland Psychiatric Center, a state facility. 232 F. Supp. 3d at 424-25. The facility administrator told him that her colleagues asked her to offer plaintiff the job, but they needed to "check" something first. *Id.* at 425. The administrator later declined to offer plaintiff the job. *Id.*

After plaintiff sued RPC and the administrator, they moved to dismiss plaintiff's complaint. *Id.* at 424-25. The Court dismissed plaintiff's claims under the Fourteenth Amendment alleging that he had a liberty and property interest in the job. *Id.* at 435.

Shkilnyj's claim meets the same fate. In this case, Shkilnyj's application did not progress as far as the plaintiff in *Leon*—Shkilnyj was never interviewed for the position. Shkilnyj likewise never received a job offer. More importantly, the CBA contains no promise of an interview for positions to which candidates apply, nor an evaluation of their credentials, as Shkilnyj claims. *See*

6

ECF No. 21 ¶ 144. Consequently, Shkilnyj has failed to plausibly allege a constitutionally protected property interest in the position. *See, e.g.*, *Leon*, 232 F. Supp. 3d at 434-36; *Abramson*, 278 F.3d at 100 (holding that prospective government employment does not create a constitutionally protected property interest); *Coogan v. Smyers*, 134 F.3d 479, 487 (2d Cir. 1998) (holding that the plaintiff did not have a property right or entitlement to a government position because he was a prospective employee); *see also Crenshaw v. City of New Haven*, 652 F. App'x 58, 60 (2d Cir. 2016) (summary order) (concluding that the plaintiff did not possess a constitutionally protected property interest even though he had a "'conditional offer' of employment" because he was "no more than a prospective employee").

Shkilnyj has also failed to plausibly allege a constitutionally protected liberty interest in the position. As mentioned above, he has no liberty interest in the position. *Cityspec*, 617 F. Supp. 2d at 169. Moreover, he remains free to seek employment at ECC and elsewhere. *See Leon*, 232 F. Supp. 3d at 435 (finding that defendants did not deprive plaintiff of a constitutionally protected liberty interest because nothing prevented plaintiff from seeking employment with other employers); *Jones v. City Sch. Dist. of New Rochelle*, 695 F. Supp. 2d 136, 146 (S.D.N.Y. 2010) ("Prospective employment does not confer a liberty interest because [the plaintiff] is not entitled to this employment with the [defendant]; indeed, [the plaintiff] is not entitled to employment with any particular employer."). Accordingly, Defendants' Motions to Dismiss Shkilnyj's Third Claim are GRANTED and the claim is DISMISSED.

**III. Shkilnyj Fails to Plausibly Allege his Fourth Claim against Defendants for Conspiracy to Violate 42 U.S.C. § 1983.**

Because Shkilnyj does not plausibly allege a violation of Section 1983, his conspiracy claim cannot survive. *McCloud v. Prack*, 55 F. Supp. 3d 478, 482 (W.D.N.Y. 2014) ("[T]o make out a conspiracy claim under [S]ection 1983, the plaintiff must allege an underlying denial of his

constitutional rights."). Consequently, Defendants' Motions to Dismiss Shkilnyj's Fourth Claim are GRANTED and the claim is DISMISSED.

IV. **The Court Declines to Exercise Jurisdiction over the Remaining State Law Claims.**

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Delaney v. Bank of America Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) (quoting *Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998)) (internal quotation marks omitted). The "traditional values of judicial economy, convenience, fairness, and comity weigh in favor of declining to exercise supplemental jurisdiction where all federal-law claims are eliminated before trial." *Silver v. Entergy Nuclear Operations, Inc.*, No. 15–CV–1792 (CS), 2017 WL 5508387, at *10 (S.D.N.Y. Nov. 15, 2017) (quoting *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)).

Here, because the Court has dismissed all federal claims in Shkilnyj's Amended Complaint, it declines to exercise jurisdiction over his remaining state law claims. Accordingly, Defendants' Motions to Dismiss Shkilnyj's remaining claims are GRANTED, and the Amended Complaint is DISMISSED.

V. **Amendment Would Be Futile.**

"A proposed amended complaint is futile when it fails to state a claim." *Bryant v. Silverman*, 15 Civ. 8427 (PAC)(HBP), 2018 WL 895650, at *5 (S.D.N.Y. Feb. 14, 2018) (citing *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990) ("Although Fed. R. Civ. P. 15(a) provides that leave to amend should be given freely when justice so requires, where, as here, there is no merit in the proposed amendments, leave to amend should be denied.")).

Here, Shkilnyj moved to amend the Amended Complaint by explaining that he "mitigated his losses by accepting a position as a full-time instructor with Niagara Community College . . . ."

ECF Nos. 41 at 11, 46 at 6. Shkilnyj's Motion to Amend contains no proposed amendments to his Section 1983 claims, which fail to state a claim. Amendment is thus futile since the proposed Second Amended Complaint will fail to state a claim as well. Accordingly, Shkilnyj's Motion to Amend the Amended Complaint is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss, ECF Nos. 26, 29, are GRANTED, Shkilnyj's Motions to Amend, ECF Nos. 41, 46, are DENIED, and Plaintiff's Amended Complaint, ECF No. 21, is DISMISSED. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: March 23, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court